CASE 75—ACTION FOR BREACH OF WARRANTY—JAN. 5.

# Pritchard, Etc. v. Smith, Etc.

## APPEAL FROM LEE CIRCUIT COURT.

BREACH OF WARRANTY—OUSTER.—A sale of land by judicial decree to pay a debt of warrantor's ancestor in a suit for the settlement of the ancestor's estate to which the warrantee was not a party and which was not followed by an actual eviction is not such an ouster as will entitle the warrantee to an action on the warranty.

E. E. HOGG FOR APPELLANTS.

1. There is no ouster and so there is no breach of covenant of warranty of title.
2. There was no lien upon the land at the time the deed to appellee was made on the 17th of April, 1884, and there never was after that time a valid legal lien upon it, and consequently no breach of covenant that the land is free from lien.
3. When C. B. Hill redeemed the land from G. M. Treadway he did it without being legally bound to do so, and without a valid lien being adjudged on the land as to him and his *cestui que trust*, and it makes no difference whether he was a lawyer or not and whether he was advised in that course by able counsel.
4. No one can be subrogated to the rights of G. M. Treadway, because his debt, as he himself says, is satisfied by sale of the land and deed— in other words, his judgment is satisfied—he did not sell his judgment to C. B. Hill; he sold to him the land.

JAMES M. SEBASTIAN FOR APPELLEES.

On breach of warranty and judgment against vendor; what is a sufficient eviction, of which vendor has notice, liability for a debt of ancestor to the extent of assets received:. 4 Kent Com., 475 to 477; Butt v. Riffe, 78 Ky., 352; Elliott v. Saufley, 89 Ky., 52; Barbour's Ky. Stats., art. 3, ch. 64, sec. 2089.

JUDGE WHITE DELIVERED THE OPINION OF THE COURT.

In 1884 appellant and wife sold, and by deed of general warranty conveyed, a certain tract of land to appellees. Appellees sold and conveyed by deed of general war-

ranty to one Hill, and Hill likewise conveyed the land to the Eureka Land Company. Appellant Mary Pritchard inherited the land conveyed from her father, Levi Ross, who died in 1882.

In 1885 an action was brought to settle the estate of Levi Ross. In that suit appellants were made parties, but the then owner of the land was not a party. No vendee, either direct or remote, of appellant Mary Pritchard was ever a party to that settlement suit.

In 1889 a judgment was rendered in the settlement suit allowing a claim of one Treadway, and decreeing a sale of the land deeded by appellants to appellees to satisfy the debt due Treadway. Under that decree a sale was made or attempted to be made, and Treadway became the purchaser, and the sale was confirmed and deed made by the master commissioner, but no writ of possession appears to have been issued. Afterwards Treadway deeded the land by quit-claim to Hill, vendee of appellees.

This action was brought by appellees for breach of warranty of title; alleging these facts, as well as the payment by appellees to Hill of $284.62, the amount required to purchase the claim or title of Treadway. Upon trial the above facts were substantially proven, and the court adjudged for appellees the amount claimed, $284.62, and hence this appeal is prosecuted.

We are of opinion that, from the facts as appear from the settlement suit of Levi Ross' administrator, there was no lien on the land sold to appellees, and that the judgment rendered in 1889 was void as to this land conveyed before that action was filed; neither Smith and wife, Hill, nor the land company being parties thereto.

By the sale under that judgment the purchaser, Tread-

way, acquired neither title nor possession; and consequently there was no ouster of the land company, and no breach of the warranty.

We are also of opinion that appellees have shown no right to recover of appellants the amount of the Treadway claim. Indeed, the action is not based on that theory. There is no assignment of the judgment of Treadway against the estate of Levi Ross. That judgment was treated as satisfied by the sale of the land, and the land was deeded to Hill.

For the reasons stated, the judgment is reversed, and the cause remanded, with directions to dismiss the petition, and for proceedings consistent herewith.